UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:22-CV-62141

MICHAEL UMINSKY,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**COMPLAINT and DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff MICHAEL UMINSKY, by and through the undersigned attorneys, and sues Defendant UNITED STATES OF AMERICA, and alleges as follows:

**PARTIES**

1. At all times material hereto, Plaintiff MICHAEL UMINSKY ("Plaintiff") was and is a citizen of the United States of America and a resident of Broward County, Florida.

2. At all times material hereto, Defendant UNITED STATES OF AMERICA ("Defendant" or "USA") owned and/or operated the United States Postal Service office located at 1950 Northeast 6th Street, Pompano Beach, Broward County, Florida.

**JURISDICTION AND VENUE**

3. The subject matter jurisdiction of this Honorable Court is predicated upon the Federal Tort Claims Act, Section 2671 through 2680 of Title 28 of the United States Code which deems the Defendant UNITED STATES OF AMERICA, liable under the Federal Tort Claims Act ("FTCA") for the actions of employees of the federal government including, but not limited to, employees of the United States Postal Service, as entities of the federal government.

4. Jurisdiction is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1346(b)(1).

5. Venue is properly within this District under 28 U.S.C. §1402(b) as the acts or omissions complained of occurred in the Southern District of Florida and Plaintiff resides within the Southern District of Florida.

6. On or around November 19, 2021, Plaintiff submitted an Administrative Claim for the claim set forth below to the United States Postal Service pursuant to 28 U.S.C. §2401(b).

7. Pursuant to 28 U.S.C. §2675, the United States Postal Service was allowed six (6) months to complete its administrative investigation but the United States Postal Service has failed to make a final disposition of this claim within those six (6) months.

8. At least six (6) months have elapsed and all conditions precedent to a Federal Tort Claims Act have been met.

**GENERAL ALLEGATIONS**

9. On February 16, 2021, Plaintiff MICHAEL UMINSKY was a business invitee of Defendant, UNITED STATES OF AMERICA, at the United States Post Office located at 1950 NE 6th Street, Pompano Beach, Broward County, Florida (hereinafter the "Premises").

10. At the aforementioned time and place, after Plaintiff MICHAEL UMINSKY completed his transaction at the counter inside the Premises, Plaintiff MICHAEL UMINSKY suddenly tripped and fell over boxes that an employee or employees of Defendant had negligently and recklessly placed behind Plaintiff and directly on the floor in an area known to be trafficked by customers and other business invitees, resulting in significant injuries to Plaintiff.

11. At all times material to this cause of action, Defendant, UNITED STATES OF AMERICA, owned and/or was in control of Premises.

12. At all times material to this cause of action, Defendant, UNITED STATES OF AMERICA, owed a non-delegable duty of care to maintain the Premises in a reasonably safe condition for the safety of business invitees on the Premises, including Plaintiff MICHAEL UMINSKY.

## COUNT I - NEGLIGENCE

13. At the aforementioned time and place, Defendant, UNITED STATES OF AMERICA, by and through the actions or omissions of its agents, servants, and/or employees, breached the aforementioned duty of care in at least the following ways:

   a. By creating a dangerous condition and trip hazard on the Premises, i.e., boxes carelessly situated on the floor in an area where business invitees regularly traversed; and/or

   b. By failing to correct a dangerous condition and trip hazard on the Premises that Defendant, UNITED STATES OF AMERICA, created, i.e., boxes carelessly situated on the floor in an area where business invitees regularly traversed; and/or

   c. By failing to adequately warn business invitees, including the Plaintiff, of a dangerous condition and trip hazard on the Premises that Defendant, UNITED STATES OF AMERICA, created, i.e., boxes carelessly situated on the floor in an area where business invitees regularly traversed; and/or

   d. By failing to correct a dangerous condition and trip hazard on the Premises of which Defendant, UNITED STATES OF AMERICA either had knowledge, or, in the exercise of reasonable care, of which it should have known, i.e., boxes carelessly situated on the floor in an area where business invitees regularly traversed; and/or

    e. By failing to adequately warn residents and guests, including the Plaintiff, of a dangerous condition and trip hazard on the Premises of which Defendant, UNITED STATES OF AMERICA, either had knowledge, or, in the exercise of reasonable care, of which it should have known, i.e., boxes carelessly situated on the floor in an area where business invitees regularly traversed; and/or

    f. By failing to have a proper maintenance/safety/clean-up plan in place in order to prevent a dangerous condition and trip hazard on the Premises, i.e., boxes carelessly situated on the floor in an area where business invitees regularly traversed.

14. Defendant, UNITED STATES OF AMERICA, had actual or constructive knowledge of the dangerous condition and trip hazard and should have taken action to remedy it.

15. In the alternative, the dangerous condition and trip hazard existed upon the Premises for such a length of time that, in the exercise of reasonable care, Defendant, UNITED STATES OF AMERICA, should have known of the dangerous condition and trip hazard.

16. Plaintiff did not know of this dangerous condition and trip hazard at any time prior to the subject incident.

17. As a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, Plaintiff MICHAEL UMINSKY suffered bodily injuries, disability, discomfort, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of wages, and loss of wage earning capacity, and aggravation of pre-existing conditions, all of which conditions are continuing or are permanent in nature. Furthermore, Plaintiff MICHAEL UMINSKY was forced to incur hospital, medical, surgical and/or nursing expenses in the past and will be required to incur such costs in the future for the care and treatment of the injuries received in this accident.

WHEREFORE, Plaintiff, MICHAEL UMINSKY demands judgment for damages against Defendant, UNITED STATES OF AMERICA, and trial by jury of all issues triable as of right by a jury.

Respectfully submitted this 17th day of November, 2022.

>Madalon Law
>Attorneys for the Plaintiff
>100 North Federal Highway, Suite CU-5,
>Fort Lauderdale, Florida 33301
>Telephone:  954.923.0072
>Facsimile:  954.923.0074
>Email:  pleadings@madalonlaw.com
>
>By:   */s/ Joseph Madalon*
>       Joseph C. Madalon, Esquire
>       FBN: 735485

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 17, 2022, I filed the foregoing document with the Clerk of the Court via electronic filing. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via E-Mail or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

>Madalon Law
>Attorneys for Plaintiff
>100 North Federal Hwy.,
>Suite CU-5, 4th Floor
>Fort Lauderdale, FL  33301
>Telephone:  (954) 923-0072
>Facsimile:   (954) 923-0074
>Email: pleadings@madalonlaw.com
>
>By: */s/ Joseph Madalon*
>Joseph Madalon, Esq.
>Florida Bar Number 735485

[PI-21-18626/1213274/1]